**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel:   212-885-5000
Fax:   212-885-5001
Ira L. Herman

*Special Litigation Counsel for Plaintiff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| WANSDOWN PROPERTIES CORPORATION N.V., | Case No.:  19-13223 (SMB) |
| Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| WANSDOWN PROPERTIES CORPORATION N.V., | |
| Plaintiff | Adv. Pro. No. _____ |
| v. | |
| AZADEH NASSER AZARI, | |
| Defendant. | |

-----------------------------------------------------------------x

### ADVERSARY COMPLAINT

Wansdown Properties Corporation N.V. (the "**Debtor**" or "**Plaintiff**"), by and through its undersigned counsel, as and for its complaint against defendant Azadeh Nasser Azari, alleges as follows:

#### NATURE OF THE ACTION

1. This is an action to avoid a fraudulent conveyance:  the execution of an affidavit of confession of judgment and the resulting judgment in favor of the defendant, Azadeh Nasser Azari,

1

in exchange for no consideration whatsoever. Azari, a former employee of Plaintiff, convinced her long-time supervisor and friend, Gholam Reza Golsorkhi ("**Golsorkhi**"), to execute the affidavit of confession of judgment for $2.7 million. Azari gave no consideration in exchange for the affidavit of confession of judgment nor was it given in satisfaction of any debt owed to Azari.

2. Through this action, Plaintiff seeks to avoid the affidavit of confession of judgment and resulting judgment as constructive fraudulent conveyances for the benefit of Plaintiff's estate and creditors.

## PARTIES

3. Plaintiff Wansdown Properties Corporation N.V. is a limited liability company incorporated under the laws of Curacao, with its principal place of business at 29 Beekman Place, New York, NY 10022.

4. Defendant Azadeh Nasser Azari ("**Azari**" or "**Defendant**"), upon information and belief, resides at 360 East 55th Street, Apartment 13H, New York, NY 10022.

5. Azari is a former employee of Plaintiff.

## JURISDICTION AND VENUE

6. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

7. This is a core proceeding under 28 U.S.C. § 157(b)(2).

8. Plaintiff confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

10. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 502(b), 502(d), and 554(b), and N.Y. Debt. & Cred. Law §§ 273, 275, 278 and 279.

11. This adversary proceeding concerns the chapter 11 case *In re Wansdown Properties Corporation N.V.*, Case No. 19-13223 (SMB) currently pending before the Court.

### FACTUAL BACKGROUND

**I.    Plaintiff's History and Operations**

12. Plaintiff was incorporated in 1979 to, among other things, invest and manage the assets of Princess Achraf Pahlavi.

13. Plaintiff's principal asset and place of business is a residential townhouse located on Beekman Place in Manhattan (the "**Townhouse**").

14. Plaintiff is incorporated in Curaçao under Article 38 of the Commercial Code of the Netherlands Antilles, and continues to exist under the laws of Curaçao.

15. Plaintiff is, and has been since its inception, owned by a trust entitled Pelmadulla Stiftung (the "**Foundation**"), formed under the laws of the country of Lichtenstein and is domiciled in Vaduz, Lichtenstein.

16. Golsorkhi was hired by the Princess, in or about 1970, in Iran to manage her personal affairs. When the Princess fled Iran in 1978 during the Iranian revolution, Golsorkhi continued to work for her in Europe and the United States.

17. Golsorkhi became a Managing Director of Plaintiff in 1979, together with Netherland Antilles Corporation Company, N.V.

18. Golsorkhi is not, and has never been, a shareholder of Plaintiff.

19. In 1979, Golsorkhi hired Azari to work for Plaintiff as a secretary and she later became the office manager.

20. At all times relevant Azari was an at-will employee of the Plaintiff.

21. Prior to the signing of the Affidavit (as herein defined), Azari never had a written or oral agreement with Plaintiff regarding her employment or compensation.

22. In late 2012, the Foundation took over the management and control of Plaintiff. The Foundation is the sole shareholder of Plaintiff.

23. During the final years of her life, the Princess's advanced age and deteriorating health resulted in the Princess spending limited time in New York. Accordingly, Plaintiff's need for staff at the Townhouse decreased significantly, and the Foundation sought to reduce Plaintiff's expenses, including by reducing and/or terminating the salaries of staff members like Azari.

24. The Princess died in January 2016. At the time of the Princess' death, Azari was earning $9,000 a month for her services to Plaintiff. Notwithstanding the Princess' death and the decreased need for staff at the Townhome, Azari's employment was maintained with Plaintiff at the reduced salary of $6,000 per month in the summer of 2016.

25. In the fall of 2016, the need for staff at the Townhome further decreased. Nevertheless, Azari's employment continued with Plaintiff at the reduced salary of $2,000 per month starting in December 2016. Azari chose to terminate her employment with Plaintiff rather than remain employed at the reduced salary.

II. **Azari Procures a Confession of Judgment for No Consideration**

26. On February 10, 2016, Golsorkhi signed an Affidavit of Confession of Judgment on behalf of Plaintiff in favor of Azari (the "**Affidavit**").

27. The Affidavit states that Plaintiff was confessing a judgment in favor of Azari in the amount of $9,000 per month for the remainder of Azari's life or a lump sum of $2.7 million, purportedly in exchange for Azari's prior loyalty to the Princess and Plaintiff. The Affidavit recites no other consideration.

4

28. At the time Golsorkhi signed the Affidavit, there was no debt owing by Plaintiff to Azari.

29. Upon information and belief, the Affidavit was drafted by Azari's son and attorney, Nader Mobargha, Esq. ("**Mobargha**").

30. At the time the Affidavit was executed, Plaintiff was insolvent or rendered insolvent and had no income.

31. On February 12, 2016, Mobargha filed the Affidavit in the Supreme Court of the State of New York on behalf of Plaintiff, without providing notice to Plaintiff.

32. Based on the Affidavit, on April 21, 2016, the Clerk of the Court entered a judgment in favor of Azari and against Wansdown Properties in the amount of $2.7 million, plus $225 for filing fees (the "**Judgment**").

33. At the time the Judgment was entered, Plaintiff was insolvent or rendered insolvent and had no income.

34. On the date the Judgment was entered, there was no debt owing or due by Plaintiff to Azari.

35. On November 3, 2016, Mobargha served notice of entry of the Judgment on Plaintiff.

**III.    Plaintiff Seeks to Vacate the Judgment**

36. On February 13, 2017, Plaintiff filed a plenary action in the Supreme Court of the State of New York against Azari seeking to vacate the Judgment.

37. In its complaint, Plaintiff asserted that Golsorkhi did not have the authority to bind Plaintiff by signing the Affidavit.

5

38. Azari moved to dismiss the complaint on the basis that Plaintiff's controlling corporate documents provided Golsorkhi, in his position as president and managing director, with the authority to bind Plaintiff.

39. On October 17, 2017, the Supreme Court denied Azari's motion to dismiss, holding that Azari had not conclusively established her position with documentary evidence, and that Wansdown had stated a cause of action. In particular, the Supreme Court recognized that the key factual issue in the case was whether Golsorkhi had the authority to sign the Affidavit was a factual issue which needed to be addressed at trial.

40. On November 10, 2017, Azari filed a Notice of Appeal of the Supreme Court's Order to the Appellate Division First Department.

41. On November 18, 2018, the First Department reversed and dismissed Plaintiff's complaint, holding that Plaintiff's corporate documents refuted Plaintiff's claim that Golsorkhi lacked authority.

### IV. Plaintiff's Bankruptcy Filing

42. On October 8, 2019 (the "**Petition Date**"), Plaintiff filed a voluntary petition for relief under chapter 11 of the title 11 of the United States Code (the "**Bankruptcy Code**") in this Court. Plaintiff continues to operate its business as a debtor in possession. No trustee has been appointed in this case and no Official Committee of Unsecured Creditors has been formed.

43. On November 6, 2019, the Court entered an order [D.I. 18] setting December 31, 2019, as the last day to file a proof of claim against Plaintiff.

44. Plaintiff filed its schedules of assets and liabilities on October 21, 2019 [D.I. 13]. As reflected in those schedules, there were and are creditors holding unsecured claims against Plaintiff that have not been satisfied.

45. On December 12, 2019, Azari filed a proof of claim alleging that she holds a secured claim in the amount of $3,605,152.23 based on the Judgment. *See* Claim No. 6.

**FIRST CAUSE OF ACTION**
**(Avoidance of Fraudulent Conveyance Under 11 U.S.C. § 544(b) and**
**N.Y. Debt. & Cred. Law § 273, 278 and/or 279)**

46. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as though fully set forth herein.

47. Plaintiff did not receive fair consideration for the obligation set forth in the Affidavit or for entry of the Judgment.

48. Plaintiff was insolvent at the time the Affidavit was executed and at the time the Judgment was entered or, in the alternative, Plaintiff became insolvent as a result of the execution of the Affidavit or entry of the Judgment.

49. At all relevant times there was and is at least one creditor who held and holds matured or unmatured unsecured claims against Plaintiff that were and are allowable under section 502 of the Bankruptcy Code.

50. As a result of the foregoing, Plaintiff is entitled to judgment under sections 273, 278, and 279 of the New York Debtor and Creditor Law and section 544(b) of the Bankruptcy Code avoiding the obligation set forth in the Affidavit and the entry of the Judgment and directing that they be set aside.

**SECOND CAUSE OF ACTION**
**(Avoidance of Fraudulent Conveyance Under 11 U.S.C. § 544(b) and**
**N.Y. Debt. & Cred. Law § 275, 278 and/or 279)**

51. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as though fully set forth herein.

52. Plaintiff did not receive fair consideration for the obligation set forth in the Affidavit or for the entry of the Judgment.

53. At the time the Affidavit was executed and at the time the Judgment was entered, Plaintiff had no income and no ability to pay the amount of the obligation or the Judgment.

54. At all relevant times there was and is at least one creditor who held and holds matured or unmatured unsecured claims against Plaintiff that were and are allowable under section 502 of the Bankruptcy Code.

55. As a result of the foregoing, Plaintiff is entitled to judgment under sections 275, 278, and 279 of the New York Debtor and Creditor Law and section 544(b) of the Bankruptcy Code annulling the obligation set forth in the Affidavit and the entry of the Judgment and directing that they be set aside.

### THIRD CAUSE OF ACTION
### (Disallowance of Claim under 11 U.S.C. § 502(b) and (d))

56. Plaintiff repeats and realleges the allegations contains in all prior paragraphs as though fully set forth herein.

57. By proof of claim dated December 12, 2019 (the "**Claim**"), Azari has asserted a secured claim in the amount of $3,605,152.23 based on the Judgment.

58. The Claim is not supported by the books and records of Plaintiff and is only supported by the Affidavit and Judgment. To the extent the Affidavit and Judgment are annulled and set aside, the Claim must also be disallowed.

59. As a result of the foregoing, Plaintiff is entitled to an order disallowing the Claim.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Azari:

1. annulling and setting aside the Affidavit and Judgment as a fraudulent conveyance under sections 273, 278, and 279 of the New York Debtor and Creditor Law and section 544(b) of the Bankruptcy Code;

2. annulling and setting aside the Affidavit and Judgment as a fraudulent conveyance under sections 275, 278, and 279 of the New York Debtor and Creditor Law and section 544(b) of the Bankruptcy Code;

3. disallowing the claim or claims of Azari; and

4. granting Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 18, 2019

**BLANK ROME LLP**

By: /s/ Ira L. Herman
Ira L. Herman
1271 Avenue of the Americas
New York, NY 10020
Tel: 212-885-5000
Fax: 212-885-5001

*Special Litigation Counsel for Plaintiff*